# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3608 | **DATE** | 8/3/2010 |
| **CASE TITLE** | Mwamba Ruffin (#2007-000075276) v. Aramark, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to issue summonses for Defendants Miller and Imhof. Salvador Godinez and Cook County Department of Corrections are dismissed as Defendants. The Clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for preliminary injunction [#8] is denied. Defendant Godinez's motion for extension of time in which to file answer [#11] is denied as moot. The order granting Defendant Godinez's motion for extension of time to file a responsive pleading [#13] is hereby vacated.

■ [For further details see text below.]

*Suzanne B. Conlon* — Docketing to mail notices.

## STATEMENT

Plaintiff, Mwamba Ruffin, a Cook County Jail inmate, has submitted an amended § 1983 complaint against the Aramark Food Services Cook County Department of Corrections, Superintendent Miller, and Lieutenant Imhof. Plaintiff asserts in his amended complaint that he practices the Jewish faith and that he has been denied Kosher meals at the jail. He further alleges that he is forbidden to wear a yarmulke, and is being denied attendance at religious services

Preliminary review of Plaintiff's amended complaint, *see* 28 U.S.C. § 1915A, reveals that he has stated a colorable cause of action against Defendants Aramark, Miller, and Imhof under the Civil Rights Act, 42 U.S.C. § 1983 and RLUIPA, 42 U.S.C. § 2000(cc), such that they must respond to the complaint. *See Koger v. Bryan*, 523 F.3d 789 (7th Cir. 2008); *see also Ortiz v. Downey*, 561 F.3d 664 (7th Cir. 2009).

As Plaintiff has pled over his original complaint and has not included Salvador Godinez in his amended complaint, Defendant Godinez is dismissed as a Defendant from this cause of action. The Cook County Department of Corrections is also dismissed as a Defendant as it is not a suable entity. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993).

The Clerk shall issue summons for service of the complaint on Defendants Miller and Imhof (hereinafter, "Defendants"). The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process.

**(CONTINUED)**

AWL

## STATEMENT (continued)

The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, officials with the Cook County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for preliminary injunction is denied. The Federal Rules of Civil Procedure provide that the Court may only issue a preliminary injunction upon proper notice to the adverse party. FED R. CIV. P. 65(a)(1) Plaintiff has just submitted his amended complaint, and the two new Defendants named in his amended complaint have yet to be served. Additionally, Plaintiff's motion contained no certificate of service. As Defendants can not have received proper notice of Plaintiff's motion it is denied.

Defendant Godinez has filed a motion for extension of time in which to file a pleading responsive to Plaintiff's complaint. As Plaintiff has pled over his original complaint and failed to name Godinez as a Defendant in his amended complaint, Defendant Godinez has been dismissed from this cause of action. Consequently, Defendant Godinez's motion for extension of time is denied as moot. The order granting the motion is hereby vacated.

*[signature]*