# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3608 | **DATE** | 11/29/2010 |
| **CASE TITLE** | Mwamba Ruffin (#2007-000075276) v. Aramark, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [49] is granted in part and denied in part. The claims against Defendants in their official capacities are dismissed. Plaintiff may proceed with his individual capacity RLUIPA and First Amendment claims. Defendants Miller and Imhof shall answer Plaintiff's complaint within 30 days of the date of this order.

■ [**For further details see text below.**]

**Docketing to mail notices.**

## STATEMENT

Plaintiff Mwamba Ruffin brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his right to freely exercise his Jewish faith. Plaintiff alleges that he is being denied a Kosher diet by Defendant Aramark, that he has been denied access to group worship, and that Cook County Jail does not provide him with a Jewish chaplain. His only allegations against Defendants Miller and Imhof is that they refuse to allow him to wear his yarmulke because it is contraband. *See* Complaint, p. 7.

Defendants Miller and Imhof move to dismiss the claims against them, arguing that he has not shown a substantial burden, as required under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000(cc), and that he has failed to state a claim against them in their official capacities. For the following reasons, Defendants' motion to dismiss is granted as to the official capacity claims and denied as to the individual capacity First Amendment and RLUIPA claims.

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to " give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the "litigation on the merits of the claim" rather than some technicality that might keep a plaintiff out of court. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Id*. at 556.

**(CONTINUED)**

## STATEMENT

For Plaintiff to establish that he is entitled to protection under RLUIPA, he must establish a substantial burden to the practice of his religion. *See* 42 U.S.C. § 2000(cc) (2000). The Seventh Circuit has defined substantial burden as "one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise . . . effectively impracticable." *See Civil Liberties for Urban Believers v. Chicago,* 342 F. 3d 752, 761 (7th Cir. 2003).

With respect to Plaintiff's allegations that Defendants Miller and Imhof violated his right to practice his religion, Plaintiff alleges that he is an observant Jew, that his faith requires him to wear a yarmulke, and that Defendants Miller and Imhof have refused to allow him to wear a yarmulke at Cook County Jail. Although Plaintiff's complaint does not mention RLUIPA specifically, this is not an obstacle to his RLUIPA claim because he has alleged unconstitutional restrictions on religious practice. *See Ortiz v. Downey*, 561 F.3d 664 (7th Cir. 2009); *Hammons v. Saffle*, 348 F.3d 1250, 1258-59 (10th Cir 2003). Litigants need not plead legal theories, and the factual allegations in Plaintiff's complaint provide fair notice to Defendants of the necessary elements of a RLUIPA claim. Accordingly, the Court finds that Plaintiff has satisfied federal pleading requirements for his individual capacity RLUIPA and First Amendment claims against Defendants Miller and Imhof.

The official capacity claims, however, are dismissed. Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff does not allege that the burden on his religious exercise resulted from an expressed policy, a widespread practice, or by a person with final policy-making authority. Consequently, Plaintiff has filed to state an official capacity claim against Defendants Miller and Imhof, and any such claim is dismissed.

Accordingly, Plaintiff's official capacity claims against Defendants Miller and Imhof are dismissed, and his individual capacity First Amendment and RLUIPA claims against those Defendants Miller and Imhof may proceed. Defendants Miller and Imhof shall answer Plaintiff's complaint within 30 days of the date of this order.